UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

**CHARLES RICHARDS and JAY GEYWITS,**
Individually and on Behalf of All Others
similarly situated, as Class
Representatives,

                          Plaintiffs,                     **JURY TRIAL**
                                                      **REQUESTED**

       -against-

**LANG INDUSTRIES, INC., WORLD
CLASS ON SITE MANAGEMENT, LLC
and LANG WASTE SERVICES CORP.,**

                          **Defendants.**

_____

**CLASS ACTION COMPLAINT**

Plaintiffs, CHARLES RICHARDS and JAY GEYWITS, on behalf of themselves and all others similarly situated, as and for their Complaint, allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

**1.   Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201*et seq.***

1

("FLSA") in connection with Defendants' violation of their statutory obligations to pay regular hourly wages for certain activities and overtime wages to all non-exempt employees for work in excess of 40 hours per week.

2. Plaintiffs, on behalf of themselves and all others similarly situated, also bring this collective action under New York's overtime statute and regulations. More specifically, Plaintiffs assert that they and the class are entitled to unpaid overtime wages for their work beyond 40 hours per week pursuant to New York Labor Law § 663(1) and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142.

3. For at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the above-described federal and state statutes and regulations governing payment of regular wages for certain activities and overtime pay to all non-exempt employees for overtime hours worked in excess of 40 hours per week at a rate of 1.5 times their regular rate of pay. Plaintiffs and all similarly situated employees who elect to participate in this action are seeking unpaid compensation, an equal amount of liquidated damages and/or prejudgment interest, attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,*

a Federal Statute. As to claims under New York State law, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

6. Defendant, LANG INDUSTRIES, INC., ("LANG") is a corporation created and existing under and by virtue of the laws of the State of New York, and maintains its principal office and headquarters at 67 Arena Court, Narrowsburg, New York 12764.

7. Defendant, WORLD CLASS ON SITE MANAGEMENT, LLC, ("WORLD CLASS") is a limited liability company created and existing under and by virtue of the laws of the State of New York and maintains its principal office and headquarters at 67 Arena Court, Narrowsburg, New York 12764. Upon information and belief, WORLD CLASS is a fully owned subsidiary of LANG.

8. Defendant, LANG WASTE SERVICES CORP., ("LANG WASTE") is a corporation created and existing under and by virtue of the laws of the State of New York and maintains its principal office and headquarters at 67 Arena Court, Narrowsburg, New York 12764. Upon information and belief, LANG WASTE is a fully owned subsidiary of LANG.

9.  Plaintiff, CHARLES RICHARDS, resides in Yardley, Pennsylvania and worked as an employee of LANG from approximately 1998 to January 2007.

10. Plaintiff, JAY GEYWITS, resides in Sidney, New York and has worked as an employee of WORLD CLASS from approximately January 2006 to April 2007.

11. At various times Plaintiffs have had dual employments and contemporaneously worked at LANG WASTE and LANG/WORLD CLASS.

### CLASS ACTION ALLEGATIONS

12. Plaintiffs bring this class action to recover damages under and pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA") in connection with Defendants' violation of their statutory obligations to pay regular wages for certain activities and overtime pay at a rate of 1.5 times regular hourly pay, to all non-exempt employees for work in excess of 40 hours per week.

13. Plaintiffs, on behalf of themselves and all others similarly situated, also bring this collective action under New York's overtime statute and regulations. More specifically, Plaintiffs assert that they and the Class are entitled to unpaid overtime wages for their work beyond 40 hours per week pursuant to New York Labor Law § 663(1) and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142.

14. The Class that Plaintiffs seek to represent is composed of all persons who are employed, have been employed and will be employed by Defendants in and throughout New York at any time since April 2004 and have worked without

legally mandated regular pay for work through lunch breaks and travel time, as well as for overtime compensation.

15. This litigation is properly brought as a Class Action because the Class consists of approximately 50-60 persons and is so numerous that joinder of all members, whether required or permitted, is impracticable.

16. This litigation is properly brought as a Class action because there exist questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

(a) Whether Defendants improperly withheld overtime wages from its employees in New York;

(b) Whether Defendants are liable to the Class;

(c) Whether the Class can be made whole by payment of damages.

17. This litigation is properly brought as a Class Action because Plaintiffs' claims are typical of the claims of the Class. Like all Class members, Plaintiffs were injured by Defendants' refusal to pay full and lawful overtime wages. Plaintiffs have suffered the same kind of harm as other Class members who are Defendants' employees working in Defendants' New York places of business.

18. Plaintiffs have hired counsel who are able and competent to fairly and adequately protect the interests of the Class.

19. A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense of individual litigation may be prohibitive and render it impractical for Class members to sue Defendants for wrongfully withheld overtime wages.

## FACTUAL ALLEGATIONS

20. Defendants are in the business of waste hauling, drainfield and piping system installation, sewer line cleaning, portable toilet rentals, and processing and converting domestic sludge to high nutrient biosolids for land application.

21. Each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce because, *inter alia,* each Defendant has employees that handle goods and materials that have been produced for and moved in commerce and each Defendant's gross volume of business is at least $500,000.

22. At all relevant times, each Defendant has been the "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d) and New York Labor Law § 651.6. Each Defendant, either directly or indirectly has hired Plaintiffs and other employees; controlled Plaintiffs' work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

23. Upon information and belief, no Defendant has ever posted a notice explaining the overtime pay rights provided by FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. §516.4.

**24. Plaintiffs were/are employed by Defendants as service technicians whose responsibilities include pumping and sewer line cleaning. Defendants' service technicians were/are required to drive a company van containing specialized equipment, to perform their job functions.**

**25. Often times, after Plaintiffs reported for work in the morning at Defendants' place of business, they were subsequently dispatched to jobs in Pennsylvania and Upstate New York north of Sullivan County.**

**26. It was and is Defendants' standard practice to automatically deduct from Plaintiffs' pay and all other employees similarly situated, time spent traveling from Narrowsburg, New York to the jobsite; time spent traveling from jobsite #1 to jobsite# 2 and so forth, during each work day.**

**27. It was and is Defendants standard practice to deduct from Plaintiffs' pay, and that of all other employees similarly situated, one-half (1/2) hour each day for lunch, whether or not lunch break was actually taken. In fact, lunch was and is rarely, if ever, taken by Plaintiffs or other employees similarly situated, who are typically required by Defendants to work through lunch.**

**28. For the three (3) years prior to the filing of the Complaint herein, RICHARDS was required to work from 7A.M. to 9 P.M., five (5) or six (6) days per week. Despite working on average 14 hours per day and 70- 84 hours per week, RICHARDS and all other employees similarly situated, were not paid any overtime wages by Defendants.**

**29. Defendants intentionally and knowingly treated Plaintiffs and all other similarly situated employees as exempt under § 213(a) of the FLSA, from the statute's overtime pay requirements.**

**30. Defendants intentionally and knowingly treated Plaintiffs and all other similarly situated employees as exempt from the overtime wage requirements of Section 663 of the New York Labor Law.**

**31. Plaintiffs and all other similarly situated employees of Defendants did not qualify as exempt employees, as defined by the applicable Federal and State regulations.**

**32. Defendants intentionally and knowingly misclassified Plaintiffs and all other similarly situated employees as exempt from the overtime pay requirements of the FLSA, despite their regular performance of non-exempt duties.**

**33. Defendants knowingly and intentionally refused to pay Plaintiffs and all other similarly situated employees for hours they worked over forty (40) per week at a rate of one-and-one half times their regular rate of pay.**

**34. Defendants knowingly and intentionally refused to pay nonexempt clerical and administrative employees overtime pay for all hours in a work week exceeding 40; instead promising such employees "comp time" in the form of additional vacation and/or bonuses; both of which were and are calculated at a rate less than 1.5 hours for every overtime hour worked.**

**35. Defendants failure to pay overtime compensation, in violation of federal and state law, has been willful.**

### FIRST CLAIM FOR RELIEF (FLSA)

36. Plaintiffs repeat and reallege paragraphs of the Complaint designated "1" through "35" as if fully set forth herein.

37. Defendants have willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying employees as "exempt" and/or simply failing and refusing to pay any overtime compensation or the improper amount of overtime wages to current and former employees, including Plaintiffs and all others similarly situated who have been employed by Defendants in the State of New York.

38. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

39. By reason of these unlawful acts, Defendants have deprived Plaintiffs and all similarly situated current and former employees of overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF (N.Y. LABOR LAW)

40. Plaintiffs repeat and reallege paragraphs of the Complaint designated "1" through "35" and " 37" through "39" as if fully set forth herein.

41. Defendants have willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the New York Labor Law § 663 and the supporting New York State Regulations, 12 N.Y.C.R.R.,Part 142, as detailed

herein, by misclassifying employees as "exempt" and/or simply failing and refusing to pay any overtime compensation or the improper amount of overtime wages to current and former employees, including Plaintiffs and all others similarly situated who have been employed by Defendants in the State of New York.

42. By reason of these willfull, intentional and unlawful acts, Defendants have deprived Plaintiffs and all similarly situated current and former employees of overtime compensation in amounts to be determined at trial, together with such other amounts for prejudgment interest, attorney's fees, costs and punitive damages that a jury may award.

### THIRD CLAIM FOR RELIEF (UNJUST ENRICHMENT)

43. Plaintiffs repeat and reallege paragraphs of the Complaint designated "1" through "35, "37" through "39" and " 41" through "42," as if fully set forth herein.

44. Defendants have unjustly enriched themselves by wrongfully and unlawfully denying and depriving Plaintiffs and the Class from rightly receiving overtime wages and other benefits directly relating thereto, including social security and pension.

45. Under principles of fairness and equity, Defendants must disgorge all illegally withheld overtime wages, together with interest accruing thereupon and other benefits directly relating thereto, including corresponding amounts to fund social security and pension that would have been applicable if the correct amount of overtime wages had been paid in the first instance, as required by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class they represent pray for declaratory relief, judgment and damages as follows:

(a)   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq, and attendant regulations at 29 C.F.R. § 516 et.seq; N.Y. Labor Law § 650 et.seq, and attendant regulations at N.Y.C.R.R. § 142-3.1 et.seq. and New York State common law principles.

(b)   Judgment for unpaid wages and overtime pay to which Plaintiffs and other Class Members are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq., and attendant regulations at 29 C.F.R. § 516 et.seq.; N.Y. Labor Law § 650 et.seq., and attendant regulations at N.Y.C.R.R. § 142-3.1 et.seq. and New York State common law principles.

(c)   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and attendant regulations at 29 C.F.R. § 516 et.seq., in an amount equal to the unpaid wages and overtime pay to which Plaintiffs and other Class Members were lawfully entitled, but which were intentionally and wrongfully withheld by Defendants.

(d)   An order directing Defendants to pay Plaintiffs their reasonable attorney's fees and all costs connected with this action.

**(e)   Such other and further relief as this Court may deem just and proper.**

**Dated: New York, New York**
   **April 23, 2007**

            **BLAU & BROWN, P.C.**

        **By; _____**
           **Steven Bennett Blau (SB4063)**
           **54 West 21st Street, Suite 1009**
           **New York, New York 10010**
           **(212) 725-7272**
           **Attorneys for Plaintiffs**