UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CHARLES RICHARDS and JAY
GEYWITS, Individually and on Behalf
of All Others Similarly Situated,
as Class Representatives,

           Plaintiffs,

   -against-

LANG INDUSTRIES, INC., WORLD
CLASS ON SITE MANAGEMENT,
LLC, AND LANG WASTE
SERVICES CORP.,

           Defendants.
---------------------------------------------------------X

ANSWER

Case No.: 07-CV-3350 (SAS)(DCF)

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES

Defendants, Lang Industries, Inc., World Class On Site Management, LLC, and Lang Waste Services Corp., (hereinafter collectively referred to as "Defendants") by and through their attorneys, Skarlatos & Zonarich LLP and Bond, Schoeneck & King, PLLC, hereby appear and answer the Complaint as follows:

1. DENY the truth of the allegations contained in Paragraph 1 of the Complaint and respectfully refer all questions of law to the Court except ADMIT that Plaintiffs Charles Richards and Jay Geywits purport to complain on their own behalf and on the behalf of others as stated in the Complaint.

2. DENY the truth of the allegations contained in Paragraph 2 of the Complaint and respectfully refer all questions of law to the Court except ADMIT that Plaintiffs Charles Richards and Jay Geywits purport to complain on their own behalf and on the behalf of others as stated in the Complaint.

1

3. DENY the truth of the allegations contained in Paragraph 3 of the Complaint and respectfully refer all questions of law to the Court.

4. DENY the truth of the allegations contained in Paragraph 4 of the Complaint and respectfully refer all questions of law to the Court.

5. DENY the truth of the allegations contained in Paragraph 5 of the Complaint and respectfully refer all questions of law to the Court.

6. ADMIT the truth of the allegations contained in Paragraph 6 of the Complaint.

7. DENY the truth of the allegations contained in Paragraph 7 of the Complaint except ADMIT World Class On Site Management, LLC is a company created and existing under and by virtue of the laws of the State of New York and maintains its principal office and headquarters at 67 Arena Court, Narrowsburg, New York 12764.

8. DENY the truth of the allegations contained in Paragraph 8 of the Complaint except ADMIT Lang Waste Services Corp. is a corporation created and existing under and by virtue of the laws of the State of New York and maintains its principal office and headquarters at 67 Arena Court, Narrowsburg, New York 12764.

9. DENY knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint except ADMIT that Plaintiff, Charles Richards, was an employee of Lang Industries, Inc. from approximately 1998 to January 2007.

10. DENY knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint except ADMIT that

    Plaintiff, Jay Geywits, was an employee of Lang Industries, Inc. from approximately January 2006 to April 2007.

11. DENY the truth of the allegations contained in Paragraph 11 of the Complaint.

12. DENY the truth of the allegations contained in Paragraph 12 of the Complaint and respectfully refer all questions of law to the Court.

13. DENY the truth of the allegations contained in Paragraph 13 of the Complaint and respectfully refer all questions of law to the Court.

14. DENY the truth of the allegations contained in Paragraph 14 of the Complaint and respectfully refer all questions of law to the Court.

15. DENY the truth of the allegations contained in Paragraph 15 of the Complaint and respectfully refer all questions of law to the Court.

16. DENY the truth of the allegations contained in Paragraph 16 of the Complaint including subdivision (a) through (c) and respectfully refer all questions of law to the Court.

17. DENY the truth of the allegations contained in Paragraph 17 of the Complaint and respectfully refer all questions of law to the Court.

18. DENY knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. DENY the truth of the allegations contained in Paragraph 19 of the Complaint and respectfully refer all questions of law to the Court.

20. DENY the truth of the allegations contained in Paragraph 20 of the Complaint.

21. DENY the truth of the allegations contained in Paragraph 21 of the Complaint and respectfully refer all questions of law to the Court.

12829.1 6/6/2007

22. DENY the truth of the allegations contained in Paragraph 22 of the Complaint and respectfully refer all questions of law to the Court.

23. DENY the truth of the allegations contained in Paragraph 23 of the Complaint.

24. DENY the truth of the allegations contained in Paragraph 24 of the Complaint.

25. DENY the truth of the allegations contained in Paragraph 25 of the Complaint.

26. DENY the truth of the allegations contained in Paragraph 26 of the Complaint.

27. DENY the truth of the allegations contained in Paragraph 27 of the Complaint.

28. DENY the truth of the allegations contained in Paragraph 28 of the Complaint.

29. DENY the truth of the allegations contained in Paragraph 29 of the Complaint.

30. DENY the truth of the allegations contained in Paragraph 30 of the Complaint.

31. DENY the truth of the allegations contained in Paragraph 31 of the Complaint.

32. DENY the truth of the allegations contained in Paragraph 32 of the Complaint.

33. DENY the truth of the allegations contained in Paragraph 33 of the Complaint.

34. DENY the truth of the allegations contained in Paragraph 34 of the Complaint.

35. DENY the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs 1 through 35 of the Complaint herein, with the same force and effect as if fully set forth herein.

37. DENY the truth of the allegations contained in Paragraph 37 of the Complaint.

38. DENY the truth of the allegations contained in Paragraph 38 of the Complaint.

39. DENY the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs 1 through 35 and 37 through 39 of the Complaint herein, with the same force and effect as if fully set forth herein.

41. DENY the truth of the allegations contained in Paragraph 41 of the Complaint.

42. DENY the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs 1 through 35, 37 through 39, and 41 through 42 of the Complaint herein, with the same force and effect as if fully set forth herein.

44. DENY the truth of the allegations contained in Paragraph 44 of the Complaint.

45. DENY the truth of the allegations contained in Paragraph 45 of the Complaint.

46. DENY that Plaintiffs are entitled to any of the relief requested in the WHEREFORE paragraph of the Complaint.

47. DENY each and every allegation not specifically admitted herein to be true.

## FIRST AFFIRMATIVE DEFENSE

To the extent that any of the claims brought pursuant to the FLSA seek damages more than two years prior to filing the Complaint, they are barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Defendants had and have no intention to violate any provision of the Fair Labor Standards Act.  Therefore, Defendants did not and are not willfully violating the Fair Labor Standards Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs were exempt for all or part of their respective employment from the overtime and/or minimum wage pay requirements of the FLSA and New York Law.

### FOURTH AFFIRMATIVE DEFENSE

Class certification is inappropriate under 29 U.S.C. § 216(b).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs do not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of Accord and Satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent any of the state law claims accrued outside of New York State and are pursued by a nonresident of New York, the provisions of CPLR §202 would govern and the shorter limitations period would be applicable to any such claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

Defendants have acted in a good faith belief that they are and were complying with all applicable provisions of the Fair Labor Standards Act and New York Law.

### ELEVENTH AFFIRMATIVE DEFENSE

World Class On Site Management, LLC and Lang Waste Services Corp. are not employers under the Fair Labor Standards Act and New York Law, thus are not proper Defendants in this action.

### TWELFTH AFFIRMATIVE DEFENSE

There was no joint (or "dual") employment relationship.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action upon which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

This case is not appropriate for collective or class action because Plaintiffs are not similarly situated to the other purported members of this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

Travel to and from work is not compensable under federal or New York law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants were not unjustly enriched.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any damages beyond those provided by the FLSA and New York Labor Law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue on behalf of the purported members of the collective and class actions.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

Some members of the purported class have been paid overtime for hours worked over 40 in a workweek during their employment.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants deny that the Plaintiffs or any other individuals are entitled to any relief requested in the Complaint and respectfully requests that judgment be rendered against Plaintiffs dismissing this action in its entirety with all appropriate attorneys fees, costs, and other appropriate relief as this Court deems appropriate.

Respectfully submitted,

Skarlatos & Zonarich  LLP

Dated: June 6, 2007

_s/ Kathy Speaker MacNett_____
Kathy Speaker MacNett, Esq.
Pro Hac Vice
Attorneys for Defendants
17 South Second Street, 6th Floor
Harrisburg, PA 17101
(717) 233-1000

Bond, Schoeneck & King, PLLC

_s/ John Ho_____
John Ho, Esq. (JH 7831)
Attorneys for Defendants
330 Madison Avenue
New York, NY  10017-5001
(646) 253-2320